Shayna H. Balch, SBN 024852
Lori A. Guner, SBN 031646
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
Telephone:  (602) 281-3400
Fax:  (602) 281-3401
sbalch@fisherphillips.com
lguner@fisherphillips.com

Attorneys for Defendant
WM Corporate Services, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Russell A. Smith, | No.  CV-19-01579-PHX-SPL |
| Plaintiff, | |
| v. | **DEFENDANT WM CORPORATE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| WM Corporate Services, Inc., | |
| Defendants. | |

Defendant WM Corporate Services, Inc. ("WM" or "Defendant") hereby answers the Complaint filed by Plaintiff Russell A. Smith ("Plaintiff") as set forth below.

**THE PARTIES**

1.     Responding to the allegations in paragraph 1 of the Complaint, Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and on that basis, denies the same.

2.     Responding to the allegations in paragraph 2 of the Complaint, Defendant admits that Defendant WM Corporate Services, Inc. is a Delaware corporation doing business in Maricopa County.

3.     Responding to the allegations in paragraph 3 of the Complaint, Defendant avers that said allegations are a conclusion of law which requires no answer.  To the extent

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

an answer is required, Defendant denies each and every allegation contained in paragraph 3 of the Complaint.

4.     Responding to the allegations in paragraph 4 of the Complaint, Defendant avers that said allegations are conclusions of law that do not require an answer. To the extent that an answer is required, Defendant denies each and every allegation contained in paragraph 4 of the Complaint.

5.     Responding to the allegations in paragraph 5 of the Complaint, Defendant avers that said allegations are conclusions of law that do not require an answer. To the extent that an answer is required, Defendant denies each and every allegation contained in paragraph 5 of the Complaint.

6.     Responding to the allegations in paragraph 6 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations and on that basis denies the same.

7.     Responding to the allegations in paragraph 7 of the Complaint, Defendant denies engaging in any wrongdoing and further denies any liability arising out of Plaintiff's causes of action. Defendant admits that jurisdiction is proper in this Court.

8.     Responding to the allegations in paragraph 8 of the Complaint, Defendant admits that jurisdiction is proper in this Court.

## **BACKGROUND FACTS**

9.     Responding to the allegations in paragraph 9 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations and denies the same on that basis.

10.    Responding to the allegations in paragraph 10 of the Complaint, Defendant admits that Plaintiff worked for Waste Management from around February 10, 2014 through September 30, 201 as an Inside Sales Manager.  Defendant denies each and every remaining allegation in paragraph 10 not specifically admitted herein.

11.    Responding to the allegations in paragraph 11 of the Complaint, Defendant admits that as an Inside Sales Manager, Plaintiff's responsibilities included, among other

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

things, overseeing the daily operations of his team, assisting with customer interactions, coaching and training  his sales team, scheduling and conducting team meetings, documenting performance of those he supervised, motivating his team to exceed their goals, interacting with other WM staff including sales directors and field personnel. Defendant denies each and every remaining allegation in paragraph 11 not specifically admitted herein.

12.     Responding to the allegations in paragraph 12 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of said allegations and denies the same on that basis.

13.     Responding to the allegations in paragraph 13 of the Complaint, Defendant denies said allegations.

14.     Responding to the allegations in paragraph 14 of the Complaint, Defendant admits that in or around 2015, Arizona's sales center office had approximately nine sales teams which were each headed by a sales manager.  Defendant denies each and every remaining allegation in paragraph 14 not specifically admitted herein.

15.     Responding to the allegations in paragraph 15 of the Complaint, Defendant denies said allegations.

16.     Responding to the allegations in paragraph 16 of the Complaint, Defendant admits that a 2014 year-end performance appraisal was prepared for Plaintiff.  Defendant avers that the performance appraisal speaks for itself.  Defendant denies each and every remaining allegation in paragraph 16 not specifically admitted herein.

17.     Responding to the allegations in paragraph 17 of the Complaint, Defendant denies said allegation.

18.     Responding to the allegations in paragraph 18 of the Complaint, Defendant avers that Plaintiff has not produced a copy of the email purportedly referenced.  At this time, and without production of the email allegedly quoted, Defendant lacks sufficient information to form a belief as to the truth of said allegations and denies the same on that basis.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

19.     Responding to the allegations in paragraph 19 of the Complaint, Defendant avers that Plaintiff has not produced a copy of the email purportedly referenced.  At this time, and without production of the email allegedly quoted, Defendant lacks sufficient information to form a belief as to the truth of said allegations and denies the same on that basis.

20.     Responding to the allegations in paragraph 20 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of said allegations and denies the same on that basis.

21.     Responding to the allegations in paragraph 21 of the Complaint, Defendant denies said allegations.

22.     Responding to the allegations in paragraph 22 of the Complaint, Defendant denies said allegations.

23.     Responding to the allegations in paragraph 23 of the Complaint, upon information and belief, Defendant admits that it learned Plaintiff fell asleep during a training class and that Plaintiff was warned that sleeping on the job was not permitted. Defendant denies each and every remaining allegation in paragraph 23 not specifically admitted herein.

24.     Responding to the allegations in paragraph 24 of the Complaint, Defendant admits it learned Plaintiff fell asleep during a work meeting and that Plaintiff was warned that sleeping on the job was not permitted. Defendant denies each and every remaining allegation in paragraph 24 not specifically admitted herein.

25.     Responding to the allegations in paragraph 25 of the Complaint, Defendant admits that a Written Warning Communication Document dated August 26, 2014 was prepared for Plaintiff.  Defendant avers that the document speaks for itself. Defendant denies each and every remaining allegation in paragraph 25 not specifically admitted herein.

26.     Responding to the allegations in paragraph 26 of the Complaint, Defendant denies said allegations.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

27.     Responding to the allegations in paragraph 27 of the Complaint, Defendant denies said allegations.

28.     Responding to the allegations in paragraph 28 of the Complaint, Defendant denies said allegations.

29.     Responding to the allegation in paragraph 29 of the Complaint, said allegation constitutes a statement that does not require an answer. To the extent an answer is required, Defendant denies said allegation.

30.     Responding to the allegations in paragraph 30 of the Complaint, Defendant denies said allegations.

31.     Responding to the allegations in paragraph 31 of the Complaint, Defendant denies said allegations.

32.     Responding to the allegations in paragraph 32 of the Complaint, Defendant denies said allegations.

33.     Responding to the allegations in paragraph 33 of the Complaint, Defendant denies said allegations.

34.     Responding to the allegations in paragraph 34 of the Complaint, Defendant denies said allegations.

35.     Responding to the allegations in paragraph 35 of the Complaint, Defendant denies said allegations.

36.     Responding to the allegations in paragraph 36 of the Complaint, Defendant admits that Plaintiff signed the Written Warning Communication Document dated August 26, 2014 on or around October 8, 2014.  Defendant denies each and every remaining allegation in paragraph 36 of the Complaint not specifically admitted herein.

37.     Responding to the allegations in paragraph 37 of the Complaint, Defendant denies said allegations.

38.     Responding to the allegations in paragraph 38 of the Complaint, Defendant admits that Plaintiff was issued a 2014 annual review in or around March of 2015. Defendant avers that the annual review speaks for itself.  Defendant denies each and every

remaining allegation in paragraph 38 of the Complaint not specifically admitted herein.

39.     Responding to the allegations in paragraph 39 of the Complaint, Defendant admits that as part of Plaintiff's job he was required to supervise the eBusiness team which worked between 5:00 a.m. and 5:30 p.m. every day.  Defendant denies each and every remaining allegation in paragraph 39 not specifically admitted herein.

40.     Responding to the allegations in paragraph 40 of the Complaint, upon information and belief, Defendant admits that Plaintiff was approved for intermittent FMLA leave in accordance with his treating physician's recommendation effective March 31, 2015 through September 30, 20115.  Defendant denies each and every remaining allegation in paragraph 40 not specifically admitted herein.

41.     Responding to the allegations in paragraph 41 of the Complaint, Defendant admits that Plaintiff sent Bradley Cea an email dated April 17, 2015. Defendant avers that the email speaks for itself.  Defendant denies each and every remaining allegation in paragraph 41 not specifically admitted herein.

42.     Responding to the allegations in paragraph 42 of the Complaint, Defendant admits that Bradley Cea and Plaintiff exchanged emails on or around April 17, 2015 and Defendant avers that the e-mails speak for themselves.

43.     Responding to the allegations in paragraph 43 of the Complaint, Defendant denies said allegations.

44.     Responding to the allegations in paragraph 44 of the Complaint, Defendant admits that on or around May 20, 2015, Plaintiff requested to change his schedule. Defendant avers that the May 20, 2015 e-mail speaks for itself.  Defendant also admits that it met with Plaintiff regarding his schedule following his May 20, 2015 request. Defendant denies each and every remaining allegation in paragraph 44 not specifically admitted herein.  Defendant further avers that in response to Plaintiff's May 20, 2015 request, he was provided with a Request for a Reasonable Accommodation packet for his physician to complete.

45.     Responding to the allegations in paragraph 45 of the Complaint, Defendant

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

admits that Defendant's Human Resource Manager Corina Hernandez e-mailed Plaintiff on May 26, 2015.  Defendant avers that the email speaks for itself.  Defendant denies each and every remaining allegation in paragraph 45 not specifically admitted herein.

46.    Responding to the allegations in paragraph 46 of the Complaint, Defendant admits that Ms. Hernandez sent Plaintiff a Request for Limited Medical Information form which Plaintiff was asked to have his health care provider complete.  The Limited Medical Information form speaks for itself.   Defendant further admits that Plaintiff returned a Limited Medical Information forth purportedly prepared by and signed by Dr. Arpino dated July 1, 2015, which speaks for itself.  Defendant denies each and every remaining allegation in paragraph 46 not specifically admitted herein.

47.    Responding to the allegations in paragraph 46 of the Complaint, Defendant admits that Ms. Hernandez sent Plaintiff a Request for Limited Medical Information form which Plaintiff was asked to have his health care provider complete.  The Limited Medical Information form speaks for itself.   Defendant further admits that Plaintiff returned a Limited Medical Information forth purportedly prepared by and signed by Dr. Arpino dated July 1, 2015, which speaks for itself.  Defendant denies each and every remaining allegation in paragraph 47 not specifically admitted herein.

48.    Responding to the allegations in paragraph 48 of the Complaint, Defendant admits that Plaintiff provided Ms. Hernandez with a Limited Medical Information form purportedly prepared by and signed Dr. Arpino dated July 1, 2015, which speaks for itself and requested a "[c]onsistent worh schedule starting time at 6 A.M."  Defendant denies each and every remaining allegation in paragraph 48 not specifically admitted herein.

49.    Responding to the allegations in paragraph 49 of the Complaint, Defendant admits that in or around July of 2015, Defendant offered Plaintiff a lateral move from the eBusiness team to the Snapshot Team so that Plaintiff could work consistent hours of 6:00 a.m. to 2:30 p.m. (as Plaintiff requested).  Defendant denies each and every remaining allegation in paragraph 49 not specifically admitted herein.

50.    Responding to the allegations in paragraph 50 of the Complaint, Defendant

denies said allegations.

51.    Responding to the allegations in paragraph 51 of the Complaint, Defendant denies said allegations.

52.    Responding to the allegations in paragraph 52 of the Complaint, Defendant denies said allegations.

53.    Responding to the allegations in paragraph 53 of the Complaint, Defendant admits that in or around July of 2015, Defendant announced that Plaintiff was laterally transferring from the position of Inside Sales Manager on the eBusiness team to Inside Sales Manager on the Snapshot Team. Defendant avers that Plaintiff's lateral move became effective on or about August 1, 2015.  Defendant denies each and every remaining allegation in paragraph 53 not specifically admitted herein.

54.    Responding to the allegations in paragraph 54 of the Complaint, Defendant, upon information and belief, admits that Justin Knight was approximately 33 years old in or around August of 2015.  Defendant lacks sufficient information to form a belief as to the remaining allegations contained in paragraph 54 and on that basis denies the same.

55.    Responding to the allegations in paragraph 55 of the Complaint, Defendant admits that Plaintiff filed a Charge of Discrimination which is dated May 1, 2015 with the EEOC. Defendant denies each and every remaining allegation in paragraph 55 not specifically admitted herein.

56.    Responding to the allegations in paragraph 56 of the Complaint, Defendant admits that on or around Ms. Hernandez sent Plaintiff a letter dated August 6, 2015. Defendant avers that the letter speaks for itself.

57.    Responding to the allegations in paragraph 57 of the Complaint, Defendant admits that the EEOC issued a Notice of Right to Sue dated August 6, 2015, in connection with Plaintiff's EEOC Charge No. 846-2015-22014.  Defendant denies each and every remaining allegation contained in paragraph 57 not specifically admitted herein.

58.    Responding to the allegations in paragraph 58 of the Complaint, Defendant denies said allegations.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

59.     Responding to the allegations in paragraph 59 of the Complaint, Defendant denies said allegations.

60.     Responding to the allegations in paragraph 60 of the Complaint, Defendant denies said allegations.

61.     Responding to the allegations in paragraph 61 of the Complaint, Defendant denies said allegations.

62.     Responding to the allegations in paragraph 62 of the Complaint, Defendant denies said allegations.

63.     Responding to the allegations in paragraph 63 of the Complaint, Defendant admits, upon information and belief, that Plaintiff was 56-years-old at the time of his separation from employment with Defendant. Defendant denies each and every remaining allegation contained in paragraph 63 not specifically admitted herein.

64.     Responding to the allegations in paragraph 64 of the Complaint, said allegation is improper, violates applicable rules of Court, and is the subject of a separately pending Motion to Strike.  To the extent an answer is required, Defendant denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Responding to the allegations in paragraph 65 of the Complaint, Defendant denies said allegations.

66.     Responding to the allegations in paragraph 66 of the Complaint, Defendant denies said allegations.

67.     Responding to the allegations in paragraph 67 of the Complaint, Defendant denies said allegations.

68.     Responding to the allegations in paragraph 68 of the Complaint, Defendant admits that Plaintiff filed a charge of discrimination with the EEOC which is dated February 16, 2016 against Defendant. Defendant denies each and every remaining allegation contained in paragraph 68 not specifically admitted herein.

69.     Responding to the allegations in paragraph 69 of the Complaint, Defendant admits that the EEOC issued a Dismissal and Notice of Rights dated August 31, 2018.

Defendant denies each and every remaining allegation contained in paragraph 69 not specifically admitted herein.

70.     Responding to the allegations in paragraph 70 of the Complaint, Defendant denies said allegations.

## COUNT I

### (Violation of the ADA and ADAAA)

71.     Defendant incorporates by reference herein the answers, defenses, responses, denials and averments to all allegations contained within paragraphs 1 through 70 above as though fully set forth herein.

72.     Responding to the allegations in paragraph 72 of the Complaint, Defendant denies said allegations.

73.     Responding to the allegations in paragraph 73 of the Complaint, Defendant denies said allegations.

74.     Responding to the allegations in paragraph 74 of the Complaint, Defendant denies said allegations.

75.     Responding to the allegations in paragraph 75 of the Complaint, Defendant denies said allegations.

76.     Responding to the allegations in paragraph 76 of the Complaint, Defendant denies said allegations.

77.     Responding to the allegations in paragraph 77 of the Complaint, Defendant denies said allegations.

78.     Responding to the allegations in paragraph 78 of the Complaint, Defendant denies said allegations.

79.     Responding to the allegations in paragraph 79 of the Complaint, Defendant denies said allegations.

80.     Responding to the allegations in paragraph 80 of the Complaint, Defendant denies said allegations.

81.     Responding to the allegations in paragraph 81 of the Complaint, Defendant

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

1    denies said allegations.

2        82.    Responding to the allegations in paragraph 82 of the Complaint, Defendant

3    denies said allegations.

4        83.    Responding to the allegations in paragraph 83 of the Complaint, Defendant

5    denies said allegations.

6                                  **COUNT II**

7                     **(Retaliation in Violation of the ADA)**

8        84.    Defendant incorporates by reference herein the answers, defenses,

9    responses, denials and averments to all allegations contained within paragraphs 1 through

10   83 above as though fully set forth herein.

11       85.    Responding to the allegations in paragraph 85 of the Complaint, Defendant

12   avers that said allegations are conclusions of law that do not require an answer. To the

13   extent that an answer is required, Defendant denies said allegations.

14       86.    Responding to the allegations in paragraph 86 of the Complaint, Defendant

15   denies said allegations.

16       87.    Responding to the allegations in paragraph 87 of the Complaint, Defendant

17   denies said allegations.

18       88.    Responding to the allegations in paragraph 88 of the Complaint, Defendant

19   denies said allegations.

20       89.    Responding to the allegations in paragraph 89 of the Complaint, Defendant

21   denies said allegations.

22       90.    Responding to the allegations in paragraph 90 of the Complaint, Defendant

23   denies said allegations.

24       91.    Responding to the allegations in paragraph 91 of the Complaint, Defendant

25   denies said allegations.

26

27

28

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

## COUNT III

### (Age Discrimination in Violation of the ADEA)

92.     Defendant incorporates by reference herein the answers, defenses, responses, denials and averments to all allegations contained within paragraphs 1 through 91 above as though fully set forth herein.

93.     Responding to the allegations in paragraph 93 of the Complaint, Defendant denies said allegations.

94.     Responding to the allegations in paragraph 94 of the Complaint, Defendant denies said allegations.

95.     Responding to the allegations in paragraph 95 of the Complaint, Defendant denies said allegations.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the damages or other relief sought in his prayer for relief.

WHEREFORE, Defendant requests that each and every count of Plaintiff's Complaint be denied in its entirety, that Plaintiff take nothing, and that Defendant be awarded its reasonable attorneys' fees and costs pursuant to any statutes and rules that would allow Defendant to recover its attorneys' fees, costs, or other relief.

### DEFENDANT'S AFFIRMATIVE DEFENSES

1.     All allegations set forth in Plaintiff's Complaint that are not specifically admitted herein are denied.

2.     Plaintiff's claims are barred, in whole or in part, by his failure to state a claim upon which relief may be granted.

3.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4.     Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

5.     Plaintiff's claims are barred, in whole or in part, by his failure to exhaust

administrative remedies.

6.     Plaintiff's claims are barred, in whole or in part, by the after acquired evidence doctrine.

7.     Plaintiff's claims are barred, in whole or in part, pursuant to the *Farragher*/*Ellerth* defense because Defendant exercised reasonable care to prevent and promptly correct any alleged harassment or retaliatory conduct.

8.     Plaintiff's claims are barred, in whole or in part, pursuant to the *Farragher*/*Ellerth* defense because Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and/or unclean hands.

10.     Plaintiff's claims are barred, in whole or in part, because accommodating Plaintiff would have created an undue hardship to the operation of Defendants' business.

11.     Plaintiff's claim for punitive damages is barred, in whole or in part, by their failure to state facts sufficient to support a punitive damages claim.

12.     Plaintiff's claim for punitive damages is barred, in whole or in part, by the Arizona and United States Constitution.

13.     Defendant reserves the right to amend and/or add affirmative defenses as discovery proceeds.

**WHEREFORE**, Defendant prays as follows:

A.     That each and every count of Plaintiff's Complaint be denied in its entirety, and that Plaintiff take nothing by this action;

B.     That Judgment be entered in favor of Defendant;

C.     That Defendant be awarded its reasonable attorneys' fees and costs incurred herein pursuant to any and all statutes and rules that would allow Defendant to recover its attorney fees, costs, or other relief;

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

D.     That Defendant be awarded pre- and post-judgment interest on the foregoing amounts at the maximum rate permitted by law; and

E.     For such other and further relief as the Court deems just and proper.

DATED this 1st day of April 2019.

FISHER & PHILLIPS LLP


By: *s/ Lori A. Guner*
        Shayna H. Balch
        Lori A. Guner
        3200 N. Central Avenue, Suite 805
        Phoenix, Arizona 85012-2407
        Attorneys for Defendant
        WM Corporate Services, Inc.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Michael R. Pruitt
Nathaniel J. Hill
Jackson White
40 North Center Street, Suite 200
Mesa, Arizona 85201
centraldocket@jacksonwhitelaw.com
mpruitt@jacksonwhitelaw.com
nhill@jacksonwhitelaw.com
Attorneys for Plaintiff


*s/ Ashleigh Machrol*

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400